Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000868
26-JUN-2014
09:24 AM

NO. CAAP-13-0000868

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Arbitration Between

ASSOCIATION OF APARTMENT OWNERS OF INTERNATIONAL COLONY CLUB,
Petitioner-Appellee,
v.
DAN DEIGERT AND EDITH DEIGERT, INDIVIDUALLY AND AS
TRUSTEES OF THE EDITH M. DEIGERT REVOCABLE LIVING
TRUST DATED APRIL 22, 2006,
Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPECIAL PROCEEDING NO. 09-1-0011(3))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth, and Ginoza, JJ.)

Respondents-Appellants Dan Deigert and Edith Deigert
(collectively, **the Deigerts**), individually and as trustees of the
Edith M. Deigert Revocable Living Trust Dated April 22, 2006
appeal from the (1) March 4, 2013 "Order Granting in Part and
Denying in Part Petitioner Association of Apartment Owners of
International Colony Club's Motion for Order to Show Cause Filed
1/17/2013 and Denying Respondents Deigert's Motion to Extend
Deadline Filed 1/10/2013" (**March 4, 2013 Order**); and (2) April
17, 2013 "Order Denying Respondents Dan Deigert and Edith
Deigert's Motion for Reconsideration of Order Granting in Part
and Denying in Part Petitioner Association of Apartment Owners of

International Colony Club's Motion for Order to Show Cause Filed 1/17/2013 and Denying Respondents Deigert's Motion to Extend Deadline Filed 1/10/2013, Filed 3/4/2013," both entered in the Circuit Court of the Second Circuit[1] (**circuit court**).

The Deigerts contend the circuit court erred by:

(1) ruling on the merits of issues raised without issuing an order to show cause;

(2) issuing orders that were not supported by evidence;

(3) issuing orders that erroneously amended the prior judgment of the circuit court; and

(4) allowing Petitioner-Appellee Association of Apartment Owners of International Colony Club (**AOAO**) to do renovations without submitting plans and a cost estimate for work to be done.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Deigerts' appeal is without merit.

The circuit court was not required to issue an order to show cause to grant AOAO's second motion for an order to show cause, filed on January 17, 2013. AOAO's motion was based on Hawai'i Rules of Civil Procedure Rule 70, which provides in relevant part:

> Rule 70. JUDGMENT FOR SPECIFIC ACTS; VESTING TITLE.
>
> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

---

[1]  The Honorable Joseph E. Cardoza presided.

[2]  The Deigerts' opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) because its "argument" section does not cite to authorities, statutes, and parts of the record relied upon. The Deigerts' counsel is warned, future noncompliance may result in sanctions.

The circuit court issued an December 17, 2012 order directing the Deigerts to submit plans and specifications to AOAO by December 27, 2012 for the completion of specified restoration work necessary to return unit #34 to its original condition. The Deigerts failed to comply within that time. The circuit court's March 4, 2013 Order authorized AOAO to complete the specified restoration work that was required of the Deigerts in the circuit court's December 17, 2012 order, with the Deigerts responsible for all costs.

The Deigerts' second contention consisted of conclusory statements that the circuit court's order was not supported by evidence. The Deigerts fail to support this contention with argument, evidence, or reference to the record. We deem this point of error waived. See HRAP Rule 28(b)(7).

The Deigerts' third contention is that there is an inconsistency between wording in the March 4, 2013 Order, which authorized AOAO "to complete the Restoration Work necessary to return Unit #34 to its original condition," and the circuit court's earlier April 14, 2009 judgment,[3] which required the Deigerts to "restore Unit #34 to its original condition at the time the Deigerts purchased the Unit." The Deigerts claim, but do not establish, that the language of the March 4, 2013 Order exceeds the scope of the language in the April 14, 2009 judgment. Contrary to the Deigerts' contention, the failure to include the words "at the time the Deigerts purchased the Unit" in the March 4, 2013 Order does not amend the circuit court's April 14, 2009 judgment.

In support of their fourth contention, the Deigerts argue: "as it may have been appropriate to require [the Deigerts] to submit plans before commencing the restoration work, it was equally appropriate to require AOAO to submit plans before commencing the restoration work." The circuit court required the

---

[3]     The Deigerts' opening brief refers to a Judgment filed on April 22, 2009. Upon review of the record, no such judgment is found and contents of the April 14, 2009 judgment are consistent with the Deigerts' argument.

Deigerts to submit plans in compliance with AOAO's governing documents and by-laws, which do not contain provisions requiring AOAO to submit work plans to owners. Further, the circuit court authorizing AOAO to take on the role of planning and completing the renovation work was consequent to the Deigerts' failure to do so. Contrary to the Deigerts' contention, "equity" did not require the circuit court to order AOAO to submit work plans and cost estimates.

Therefore,

IT IS HEREBY ORDERED that the (1) March 4, 2013 "Order Granting in Part and Denying in Part Petitioner Association of Apartment Owners of International Colony Club's Motion for Order to Show Cause Filed 1/17/2013 and Denying Respondents Deigert's Motion to Extend Deadline Filed 1/10/2013"; and (2) April 17, 2013 "Order Denying Respondents Dan Deigert and Edith Deigert's Motion for Reconsideration of Order Granting in Part and Denying in Part Petitioner Association of Apartment Owners of International Colony Club's Motion for Order to Show Cause Filed 1/17/2013 and Denying Respondents Deigert's Motion to Extend Deadline Filed 1/10/2013, Filed 3/4/2013," both entered in the Circuit Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawai‘i, June 26, 2014.

On the briefs:

Charles H. Brower
for Respondents-Appellants.

John P. Manaut
Lindsay N. McAneeley
(Carlsmith Ball)
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4